UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN DOE,

                          Plaintiff,

                                                              <u>DECISION AND ORDER</u>

                                                               08-CV-6199L

                     v.

DONALD SELSKY,
J. WOOD,
D. SQUIRES,
C. SCHOONOVER,
SERGEANT HARVEY,
CHRISTINE A. ANTENORE,
PETER RUSSELL,
J. THOMPSON,

                          Defendants.
_____

       Plaintiff, "John Doe," appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), asserts claims against several individual defendants, arising out of certain incidents that occurred during 2004 and 2005, while plaintiff was confined at Elmira Correctional Facility.

       Defendants, all of whom at all relevant times were DOCS officials or employees, have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of plaintiff's claims,

on the ground that they are time-barred. For the reasons that follow, defendants' motion is granted in part.

## DISCUSSION

**I. Motions to Dismiss under Rule 12(b)(6)**

Rule 12(b)(6) motions are now analyzed under a slightly different standard than they were prior to the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Prior to *Twombly*, courts would generally deny a motion to dismiss if there was "any set of facts" consistent with the allegations of the complaint that would entitle the plaintiff to relief. *See*, *e.g.*, *Hill v. City of New York*, 45 F.3d 653, 657 (2d Cir. 1995); *Gilmore v. University of Rochester*, 410 F.Supp.2d 127, 131 (W.D.N.Y. 2006).

In *Twombly*, however, the Supreme Court declared that the "any set of facts" standard had "earned its retirement." 550 U.S. at 563. The Court explained that to defeat a motion to dismiss, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted).

Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. A "plausible" entitlement to relief exists, then, when the allegations in the complaint move the plaintiff's claims across the line separating the

"conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." *Id.* at 557 n. 5.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct.22, 2008) (citing *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir. 2008)). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotation marks omitted).

**II. The Complaint in this Case**

The amended complaint (Dkt. #10) alleges that in October 2004, one of the defendants, Correction Officer J. Wood, "set up" plaintiff by frisking him, pulling two weapons out of Wood's own pocket, and alleging that he had found them on plaintiff. Plaintiff was charged with certain infractions as a result, and was found guilty at an administrative hearing. He was sentenced to, and apparently served, six months in the Special Housing Unit at Elmira.

The complaint also alleges that criminal charges were brought against plaintiff based on Wood's accusations, and that plaintiff was found not guilty by a state court jury in 2005. Dkt. #10 at 16. The complaint does not state the exact date on which that occurred, however.

"A three-year statute of limitations, derived from New York's general personal injury statute of limitations, is applied to § 1983 actions brought in New York." *Griswold v. Morgan*, 317 F.Supp.2d 226, 231 (W.D.N.Y. 2004) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989), and *Paige v. Police Dep't*, 264 F.3d 197, 199 n. 2 (2d Cir. 2001)). The original complaint in the case at bar was filed on May 2, 2008. The latest date of any incident alleged in the original or amended complaint is January 6, 2005, which is the date on which defendant Donald Selsky, the Director of Special Housing and Inmate Disciplinary Programs, is alleged to have affirmed plaintiff's administrative conviction. Dkt. #10 at 9.

In response to defendants' motion, plaintiff contends that his claims are not time-barred because he was unaware until his "2005 state court trial," at which he was acquitted, that defendants had "fraudulently concealed the wrong that was done to him." Dkt. #19-3 at 3. The complaint itself, however, alleges that plaintiff knew from the very start that he had been falsely accused; he alleges that when Wood "found" the weapons on plaintiff in October 2004, plaintiff responded, "Those are not my weapon [sic] and you know this Wood," and, "I will beat these charges because you know for a fact that those are not mine." Dkt. #10 at 6.

Plaintiff's claims are clearly time-barred, then, with one exception. Plaintiff asserts what amounts to a § 1983 claim for denial of due process, based on his malicious prosecution in state court. Such a claim accrues when the underlying criminal prosecution has terminated in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); *Covington v. City of New York*, 171 F.3d 117, 121-23 (2d Cir. 1999). *See also*

*Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) ("While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues").

It appears, then, that plaintiff's malicious prosecution claim may not be time-barred. Nevertheless, from the face of the complaint, which simply references a trial occurring sometime in 2005, that cannot be determined as a matter of law. Likewise, aside from any issues of timeliness, it is not possible to tell whether plaintiff can state such a claim against any of the defendants, since their exact roles in the criminal prosecution of plaintiff are not clear. *See Limone v. United States*, 579 F.3d 79, 89 (1st Cir. 2009) ("In broad brush, an individual may be said to have instituted criminal proceedings against another [for purposes of a § 1983 malicious prosecution claim] if he caused those proceedings to be initiated," such as by swearing out a criminal complaint against another person or by inducing a police officer or a prosecutor to lodge formal criminal charges).[1] Accordingly, the Court will grant defendants' motion to dismiss, but without prejudice to plaintiff's refiling of the complaint, as set forth in the Conclusion of this Decision and Order.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #15) is granted, and the complaint is dismissed without prejudice to plaintiff's filing of a second amended complaint setting forth a claim under 42 U.S.C. § 1983 for malicious prosecution. Plaintiff is advised that such complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure, as explained by the

---

[1] As noted, defendants' motion is based only on limitations grounds, and not on any other alleged failure to state a facially valid claim.

Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In particular, the complaint must make clear when the underlying events occurred, and the nature and extent of each defendant's personal involvement in those events. The second amended complaint must be filed no later than December 1, 2009.

  IT IS SO ORDERED.

              _____
                DAVID G. LARIMER
                United States District Judge

Dated: Rochester, New York
   October 16, 2009.