UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                               Plaintiff,

                                                                                            <u>DECISION AND ORDER</u>

                                                                                              08-CV-6199L

                               v.

DONALD SELSKY, et al.,

                               Defendants.
_____

Plaintiff, John Doe, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that the defendants, all of whom at all relevant times, were DOCCS employees or officials, have violated his constitutional rights in certain respects in 2004, while plaintiff was confined at Elmira Correctional Facility.[1] Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has cross-moved for a declaratory judgment and for injunctive relief.

## BACKGROUND

Plaintiff alleges that in October 2004, defendant Correction Officer Wood falsely accused plaintiff of possessing a concealed weapon.[2] Defendants Squires and Schoonover were allegedly present when Wood produced a weapon that he falsely claimed to discover during a search of

---

[1] Although "John Doe" is commonly used as a pseudonym in lawsuits, that is apparently plaintiff's actual name. *See* DOCCS Inmate Lookup Service, http://nysdoccslookup.doccs.ny.gov/.

[2] This defendant's surname variously appears in the complaint as "Wood" and "Woods."

plaintiff. Plaintiff alleges that Wood did this because plaintiff and he had previously had an altercation, after which Wood told plaintiff, "I'm going to get you, Doe." Amended Complaint (Dkt. #31) ¶ 12.

As a result of this incident involving the weapon, administrative charges were brought against plaintiff. After a hearing, he was found guilty and sentenced to six months' confinement in the Special Housing Unit ("SHU"). The disposition was affirmed on appeal. *Id.* ¶ 13.

In addition, the Chemung County District Attorney brought criminal charges against plaintiff, arising out of this same incident. Plaintiff alleges that he was acquitted at trial. *Id.* ¶ 18. That did not affect the disposition of his administrative charges, so plaintiff did serve the full six months in SHU.

Based on these allegations, plaintiff asserts a claim for malicious prosecution against defendants Wood, Squires and Schoonover, as well as against Donald Selsky, the Director of Special Housing for DOCCS, Sgt. Harvey, and Chemung County. Plaintiff seeks declaratory and injunctive relief, as well as money damages.[3]

**DISCUSSION**

Plaintiff's claim for malicious prosecution must be dismissed. "A plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests." *Leniart v. Bundy*, No. 3:09-cv-9, 2011 WL 4452186, at *3 (D.Conn. Sept. 26, 2011). *See Dillhunt v. Theriault*, No. 9:07–CV–412, 2009 WL 4985477, at *16 (N.D.N.Y. Dec. 15, 2009) ("Where a prisoner's period of incarceration is not impacted by disciplinary proceedings ... that inmate has no claim for malicious prosecution under section 1983"); *Holmes v. Grant*, No. 03 Civ.

---

[3] Although Sgt. Harvey is named in the Amended Complaint, there do not appear to be any factual allegations regarding him or his role in the underlying events. Regardless of the other defects in plaintiff's claims, then, there is no basis for any claim against Harvey.

3426, 2006 WL 851753, at *13 -*14 (S.D.N.Y. Mar. 31, 2006) ("An inmate already incarcerated has not suffered any unconstitutional deprivation of liberty as a result of being charged with new criminal offenses"). *Accord Allen v. City of New York*, 480 F.Supp.2d 689, 717 (S.D.N.Y. 2007); *Wright v. Kelly*, No. 95 Civ. 0688, 1998 WL 912026, at *3 (W.D.N.Y. Oct. 16, 1998).

In addition, "the issuance of false misbehavior reports against an inmate by corrections officers is insufficient on its own" to establish a constitutional violation, absent some impermissible motive or other due process violation. *Colantuono v. Hockeborn*, 801 F.Supp.2d 110, ___ (W.D.N.Y. 2011). Here, plaintiff has alleged, in effect, that Wood held a grudge against plaintiff because of a past run-in between the two of them, but that alone does not give rise to a constitutional violation. *See Thomas v. Calero*, ___ F.Supp.2d ___, 2011 WL 1532061 (S.D.N.Y. 2011) (dismissing claim that defendant had filed false misbehavior report against plaintiff, where plaintiff did not allege that defendants' conduct was a retaliatory response to plaintiff's exercise of any protected rights); *Wright v. Kelly*, Not Reported in F.Supp.2d, 1998 WL 912026, at *1 (W.D.N.Y. Oct. 16, 1998) ("while plaintiff has alleged that the defendants' actions were malicious, he has not alleged that they were retaliatory").

Nor can plaintiff make out a viable claim of malicious prosecution with respect to the disciplinary proceedings against him, since those proceedings did not terminate in his favor, nor has plaintiff identified any other alleged constitutional violations with respect to those proceedings or the execution of his SHU sentence. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (inmate's § 1983 action barred because disciplinary hearing resulting in loss of good-time credits was not terminated in inmate's favor); *cf. Jenkins v. Haubert*, 179 F.3d 19, 21 (2d Cir. 1999) (prisoner challenging the *conditions* of his confinement need not show that proceeding which led to his confinement terminated in his favor). The fact that plaintiff was later acquitted of criminal charges stemming from the same underlying incident in no way calls into question the validity of the finding of guilt on the administrative disciplinary charges, in part because the standards of proof applicable to those two sets of proceedings are completely different. *See Alexander v. Skolnik*, No. 3:10-CV-0584, 2011 WL 2174980, at *4 (D.Nev. June 3, 2011) (standard of proof applicable to prison disciplinary

proceedings is "a 'some evidence' standard, not a standard beyond a reasonable doubt, or even a preponderance of the evidence standard"); *Harvey v. Wilson*, No. 6:10-CV-235, 2011 WL 1740141, at *5 (E.D.Ky. May 5, 2011) (prison disciplinary hearing officer's "decision need not comport with the requirement of proof beyond a reasonable doubt, the standard applicable to criminal trials").

I also note that plaintiff's claims for equitable relief seek an order enjoining defendants from planting weapons on inmates, falsely accusing inmates of violations, searching inmates without probable cause, and so on. This is not a class action, however, and particularly in the absence of any cognizable claim of his own, plaintiff lacks standing to seek such systemic relief. *See Davis v. Wall*, 50 F.3d 1033, n. 3 (5th Cir. 1995) ("To the extent that Davis attempts to seek relief on behalf of other AVC inmates, his attempts are futile because this is not a class action"); *Butler v. Dowd*, 979 F.2d 661, 674 (8th Cir. 1992) ("This is not a class action. [Plaintiff], therefore, is not entitled to the injunctive relief he requests").

Finally, plaintiff's claim against Chemung County must be dismissed. Even assuming the truth of plaintiff's allegation that Wood planted a weapon on him, there is no allegation or evidence indicating that there was a lack of probable cause for the county to initiate a criminal prosecution against plaintiff, nor is there any indication that any policy of the county was causally related to any constitutional violation that may have occurred. *See Castro v. County of Nassau*, 739 F.Supp.2d 153, 172 (E.D.N.Y. 2010).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #34) is granted, and the complaint is dismissed.

Plaintiff's cross-motion for declaratory judgment (Dkt. #41) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 17, 2012.