UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                                      Plaintiff,

                                                                     <u>DECISION AND ORDER</u>

                                                                     08-CV-6199L

                   v.

DONALD SELSKY,

                                      Defendant.
_____

      This is a *pro se* prisoner action under 42 U.S.C. § 1983. On March 7, 2013, the Court of Appeals for the Second Circuit issued a mandate in this case (Dkt. #50), vacating this Court's dismissal of the complaint, with instructions that this Court determine whether the inmate plaintiff's filing of administrative grievances tolled the statute of limitations on his claims, so as to make his complaint in this action timely. Pursuant to this Court's Order (Dkt. #51) entered on March 12, 2013, the parties have filed additional submissions addressing the issues on remand. The following constitutes my findings and conclusions on those issues.

## BACKGROUND

      At the outset, it is necessary to establish precisely what it is that this Court is to decide following the Second Circuit's remand. That in turn requires some familiarity with the procedural history of this case.

In October 2009, this Court granted in part defendants' motion under Rule 12(b)(6), and dismissed most of plaintiff's claims as time barred. (Dkt. #22.) One claim for malicious prosecution remained.

In January 2012, the Court granted summary judgment for defendants on the malicious prosecution claim, and dismissed the complaint. (Dkt. #45.) Plaintiff then filed a motion to vacate the judgment under Rule 60(b) (Dkt. #47), which the Court denied in June 2012 (Dkt. #48), on the ground that the Rule 60(b) motion was based on the Court's failure to appoint counsel for plaintiff, which he had never requested in the first place. Plaintiff then appealed to the Court of Appeals.

The Second Circuit's remand order is, frankly, somewhat confusing. The Court of Appeals stated first that this Court "erred in its denial of a Rule 60(b) motion," adding that "[a]n appeal from the district court's denial of a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment." Dkt. #50 at 1 (internal quote omitted).

That would seem to suggest that the Court of Appeals was only addressing this Court's ruling concerning plaintiff's argument about appointment of counsel, since that was the basis for his Rule 60(b) motion. But the Second Circuit then went on to hold that "the [district] court erred in its denial finding most of Doe's claims to be 'clearly time-barred.'" *Id.* That phrase, "clearly time-barred," appeared not in this Court's decision denying plaintiff's Rule 60(b) motion (or in the Court's decision granting summary judgment on the malicious prosecution claim and dismissing the complaint), but in the Court's October 2009 decision on defendants' Rule 12(b)(6) motion. The Second Circuit's holding thus does seem to implicate the "merits of the underlying judgment."

The Court of Appeals next stated:

> Here, where defendant [sic] claimed in his declaration that he filed grievances in October 2004, November 2004, and January 2005 and received a response from the Superintendent in June 2005, there may have been a tolling of the statute of limitations such that his April 2008 complaint was timely with respect to the incidents of late 2004 and early 2005. We VACATE and REMAND to the district court with instruction that the court determine whether defendant's [sic] filings were exhaustive measures, and whether based on their dates his complaint is timely.

*Id.* at 1-2.

It seems clear from the context that the references to "defendant" were clerical errors, and that the court meant to say "plaintiff." However, the court's statement that plaintiff "claimed in his declaration that he filed grievances in October 2004, November 2004, and January 2005" is incorrect. In his response to defendants' motion to dismiss (Dkt. #19-2), plaintiff stated that "*after his release from SHU in June of 2005*, he filed grievances concerning the incidents of October 27, 2004, November 2, 10, 2009 and January 6, 2005." Dkt. #19-2 ¶ 4 (emphasis added).

Despite these misstatements, this Court's task on remand seems reasonably clear. In short, the Court must now determine whether plaintiff's grievances concerning the relevant incidents tolled the statute of limitations, and whether that tolling renders his claims in this lawsuit timely.

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") requires inmate litigants to exhaust their administrative remedies before filing suit under § 1983. *See* 42 U.S.C. § 1997e(a). To satisfy the PLRA's exhaustion requirement, a New York prisoner is generally required to follow the prescribed grievance procedure set forth at 7 N.Y.C.R.R. § 701.5.

In 2011, the Second Circuit held that the statute of limitations for a § 1983 action "must be tolled while a prisoner completes the mandatory exhaustion process." *Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2011) (internal citation and quotation marks omitted). The statute of limitations, however, is only tolled during the period when a prisoner is "actively exhausting" his administrative remedies. *See id.* at 322 n.2. In other words, the statute is not tolled during "the anterior time period in between the accrual of the claim and when the prisoner initiated the administrative remedy process." *Id.*

As stated, in the case at bar, plaintiff has alleged that he filed grievances "after his release from SHU [*i.e.* the Special Housing Unit] in June of 2005 ... ." The exhibits attached both to his original complaint and to his most recent submission, however, include a grievance dated May 10,

2005, *see* Dkt. #1-2 at 6, #55 at 21. That grievance is date-stamped "received" by the Inmate Grievance Program ("IGP") Office on May 16, 2005. That is the earliest grievance in the record in this case.[1]

The record also includes a letter addressed to plaintiff from IGP Supervisor M. Titus, dated May 20, 2008, concerning an apparent request by plaintiff for information concerning his May 10, 2005 grievance. Dkt. #55 at 19. Titus stated that a review of institutional records showed that a hearing on the grievance was held on May 26, 2005. Apparently the grievance was denied, because, according to Titus, plaintiff appealed to then-Superintendent West, who responded on June 3, 2005. Titus stated that "[t]here was no further appeal received from [plaintiff] on this matter." *Id.*

The records submitted by defendants indicate that plaintiff filed another grievance on May 31, 2005. The grievance itself does not seem to be in the record before me, but it was apparently denied on administrative appeal on July 6 or July 8, 2005. Dkt. #52 at 6; Dkt. #55 at 24. The subject matter of this grievance appears to have been much the same as the grievance filed on May 10, 2005.

Based on this evidence, defendants contend that even if the statute of limitations was tolled while plaintiff's grievances were pending, that would not save his claims in this case. They assert that at most, plaintiff's grievances were pending for less than two months, from May to July 2005, and that because the underlying incident occurred in October 2004, that would only extend the three-year limitations period to December 2007. Since plaintiff commenced this lawsuit on May 2, 2008, defendants argue, any possible tolling would not affect the Court's original decision that plaintiff's claims are time-barred.

---

[1] It is not clear from the record before me, however, whether that grievance raised the issues that form the basis for plaintiff's claims in this lawsuit, specifically his allegation that he was "set up". Plaintiff has submitted the first page of his May 10 grievance, which appears to allege that the hearing officer was not qualified to conduct the hearing under state regulations. The grievance indicates that additional pages were attached, but they have not been submitted here. That is not material to the outcome here, however, since–as explained later in this Decision and Order–plaintiff has alleged that he attempted to exhaust his remedies months earlier, when he was sent to SHU, but that he was prevented from doing so by prison staff.

There is an additional wrinkle to this case, however, and that is plaintiff's allegation that he attempted to file grievances well before May 2005, but that his attempts to do so were thwarted by defendants. Plaintiff has alleged from the beginning of this lawsuit that when he was sent to SHU, he "was denied all access to the grievance office by massive mail tampering." Complaint (Dkt. #1) at 7. In the first Amended Complaint (Dkt. #10), plaintiff alleged that he "tried to exhaust first in S.H.U. in 2004," but "those grievances was [sic] completely destroyed." *Id.* at 7. Similarly, plaintiff alleged that he "was denied all access to the Courts and the grievance program" while he was in SHU, *id.* at 9, that he "was trying to exhaust first in the S.H.U., then when [he] got back to [general] population as well, but ... all staff involved made sure [he] would not be able to exhaust," *id.* at 10, and that "no matter how many grievances [he] put in, [he] never got any responses back for them." *Id.*; *see also* Letter from Plaintiff to "Inmate Grievance" dated May 12, 2008 (Dkt. #55 at 28) (stating that "because of massive mail tampering which I am still experiencing here in the S.H.U., I never received [responses to] any of the grievances I filed then ..."). Plaintiff has further alleged that after his criminal charges were dismissed, he was told by prison staff, "You will never exhaust any grievances on us Doe." Amended Complaint at 8.

The Court of Appeals has held that "exhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies ... ." *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (quoted in *Gonzalez*, 651 F.3d at 323). *See also White v. Clark*, No. 9:12-CV-0986, 2012 WL 5877160, at *8 (N.D.N.Y. Nov. 20, 2012) ("a plaintiff whose access to the grievance process has been hindered or foiled by actions of prison officials are excused from the PLRA's exhaustion requirement and permitted to file suit without having completed that process") (citing *Hemphill v. New York*, 380 F.3d 680, 686-91 (2d Cir. 2004)).

Applying that reasoning here, I find that plaintiff's allegation that the grievance process was completely foreclosed to him while he was in SHU, if true, would show that he was "actively exhausting," or at least actively attempting to exhaust his administrative remedies from the time that

he was confined to SHU, and that he was prevented from doing so by prison staff. Assuming *arguendo* the truth of plaintiff's allegations, he was at the mercy of SHU staff, and had no ability to exhaust his remedies. Under such circumstances, it would be unfair to hold, in light of the rule enunciated in *Gonzalez*, that the limitations period was not tolled here until plaintiff eventually succeeded in filing a grievance sometime in May 2005.

Whether a statute of limitations was tolled can depend on the resolution of disputed issues of fact that are inappropriate to decide on a motion to dismiss or for summary judgment. *See*, *e.g.*, *Mandarino v. Mandarino*, 180 Fed.Appx. 258, 261 (2d Cir. 2006) ("the District Court should not have resolved the fact-specific equitable tolling issue on defendants' motion to dismiss"); *Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 942 (2d Cir. 1998) ("we believe there are genuine issues of material fact that made erroneous on a summary judgment motion the district court's rejection of this [equitable tolling] basis for avoiding the limitations defense"); *In re Sumitomo Copper Litigation*, 194 F.R.D. 480, 482-83 (S.D.N.Y. 2000) (issue of whether the limitations period was tolled by defendants' alleged fraudulent concealment was a factual issue to be determined at trial), *appeal denied*, 262 F.3d 134 (2d Cir. 2001); *see also Lopez v. Bushey*, No. 11-CV-0148, 2013 WL 1294477, at *6 (N.D.N.Y. Mar. 4, 2013) (finding that "Plaintiff has raised a triable issue of fact that special circumstances justified his failure to properly exhaust his administrative remedies"), *Report and Recommendation adopted*, 2013 WL 1293819 (N.D.N.Y. Mar. 28, 2013).

In the case at bar, I conclude that plaintiff has alleged enough facts that, if true, could render his claims timely. If plaintiff began actively pursuing, or attempting to pursue, his administrative remedies through the grievance process shortly after his SHU confinement began in 2004, but was prevented from doing so due to prison staff's refusal to process, or even their outright destruction, of his grievances, then the limitations period could have been tolled for virtually his entire period of SHU confinement.

On the record before, me, however, I cannot make such a finding. While plaintiff alleges that his grievances were destroyed, a determination of whether that in fact occurred depends in part on an assessment of plaintiff's credibility, which cannot properly be made on a written record. At the very least, however, plaintiff has submitted enough to preclude dismissal, at this stage, on limitations grounds.

Because this Court dismissed most of plaintiff's claims as time-barred, defendants have never had occasion to present, and this Court has never had occasion to consider, other possible defenses to those claims, including exhaustion, or the substantive merits of the claims. I therefore conclude that the best course of action here is to reinstate plaintiff's first amended complaint, minus his claim for malicious prosecution (which was dismissed on the merits), and allow his claims to proceed. Whether those claims are subject to dismissal on some other grounds remains to be seen, and I express no opinion on that question at this time.

## CONCLUSION

The Clerk of the Court is hereby directed to reinstate plaintiff's first amended complaint (Dkt. #10), which will become the operative complaint in this action. That reinstatement does not extend to plaintiff's claim for malicious prosecution, which remains dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 10, 2013.